```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


LARRY HADNOT,                    )
                                 )
          Plaintiff,             )  Civil No. 04-09570 Mc
                                 )
     v.                          )  MEMORANDUM OF DECISION
                                 )  AND ORDER IN A
JO ANNE B. BARNHART,             )  SOCIAL SECURITY CASE
Commissioner of Social           )
Security Administration,         )
                                 )
          Defendant.             )
_____)
```

The plaintiff, Larry Hadnot, filed the present action for review of a final determination of the Commissioner of Social Security (the "Commissioner"). For the reasons set forth below, the court finds that the decision of the Commissioner is supported by substantial evidence. The matter, therefore is affirmed.

## **BACKGROUND**

The plaintiff filed applications for disability insurance benefits and supplemental security income payments under the Social Security Act (the "Act") on June 30, 2001. [Administrative Record ("AR") 53, 385.] The Commissioner denied the application initially and on reconsideration. [AR 52, 53, 385, 387.] At the plaintiff's

request, an administrative hearing was held before Administrative Law Judge David L. Wurzel (the "ALJ") on August 5, 2003.  [AR 405.]  On January 28, 2004, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  [AR 21-45.]  Thereafter, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  [AR 7.]

The plaintiff next filed the present action.  The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge.  The parties have entered into a joint stipulation setting forth their arguments.

## STANDARDS OF REVIEW

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This court must review the record as a whole and consider adverse as well as supporting evidence.  See Green v. Heckler, 803 F.2d 528, 529-530 (9th Cir. 1986).  Where evidence is susceptible of more than

\\\

one rational interpretation, the court must sustain the Commissioner's decision. See <u>Gallant v Heckler</u>, 753 F.2d 1450, 1453 (9th Cir. 1984).

### **THE FIVE-STEP SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal one of the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he or she is unable to perform other work. See 20 C.F.R. § 404.1520; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

### **FINDINGS OF THE ALJ**

The plaintiff was born on March 1, 1965. [AR 90, 405.] The plaintiff completed high school. [AR 127, 406.] The plaintiff has

3

past work experience as an orderly, security guard, certified nurse assistant and home attendant. [AR 41, 44.] The plaintiff alleges that he is unable to work because of low back problems, stomach problems, numbness in his hands and feet, major depression, shoulder problems, asthma, allergies, arthritis, anxiety, obesity, sleeping problems and forgetfulness. [AR 121, 131, 163, 196.] The plaintiff alleged an onset date of March 1, 1999. [AR 417.]

    The ALJ found that the plaintiff was insured for disability insurance benefits through the date of his decision. [AR 27, 43.] The ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 1, 1999. [AR 27, 43.] The ALJ found that the medical evidence established that the plaintiff had the following severe impairments: obesity, obstructive sleep apnea, degenerative joint disease-lumbar spine, acrocmioclavicular separation-nondominant left shoulder, small spur at insertion of Achilles tendon-left heel, asthma, allergic rhinitis, gastroesophageal reflux disease, depressive disorder-not otherwise specified and substance abuse.[1] [AR 34, 43.] However, the ALJ concluded that these impairments whether considered singly or in combination did not meet or equal any of the impairments listed in the

\\\

\\\

\\\

---

[1] The ALJ also noted that the plaintiff alleged that he suffered from the following impairments: arthritis, anxiety, diarrhea, headaches, and numbness and cramping in his hands and feet. [AR 34.] The ALJ found that these were not medically determinable impairments because there was "no objective evidence in support of any of these alleged impairments nor any longitudinal history of complaint or treatment." [AR 34.]

4

Act's listing of impairments.[2]  See 20 C.F.R. Pt. 404, Subpt. P, Pt. 1.  [AR 35, 43.]

The ALJ found that the plaintiff had the residual functional capacity to perform work involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools, with no more than occasional standing or walking.  [AR 36.]  However, the ALJ also found that the plaintiff has the following limitations:  "never climbing ladders, ropes or scaffolds except in an emergency; occasionally climbing ramps and stairs; occasionally balancing, stooping, crouching, kneeling and crawling; avoiding concentrated exposure to dangerous moving machinery, electric shock, radiation and unprotected heights; avoiding even moderate exposure to pulmonary irritants such as chemicals, dust, fumes, and gases, and to extremes of heat and cold; with no reaching or working overhead with the non-dominant left upper extremity; and mentally limited to unskilled work, and rare (not more than twice per day) interpersonal contact with the public."  [AR 36, 44.]

The ALJ found that the plaintiff could not perform any of his past relevant work.  [AR 41, 44.]  However, the ALJ found that the plaintiff could perform work as an assembler.  [AR 42, 44-45.]  The ALJ found that the plaintiff was not under a disability, as defined by the Act, at any time through the date of the decision.  [AR 42, 45.]

## **DISCUSSION**

The plaintiff contends that the ALJ failed properly to evaluate the credibility of the plaintiff.  [Joint Stipulation, p. 3, 4.]  The

---

[2]  The Act's listing of impairments sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work.  20 C.F.R. § 416.925(a).

plaintiff contends that this error caused the ALJ to evaluate the plaintiff's subjective complaints and to assess his residual functional capacity incorrectly.   [Joint Stipulation, p. 4.]

A plaintiff who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  See Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986); Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991).  The Cotton test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven phenomenon.  The plaintiff only needs to show that the impairment could reasonably have caused some degree of the symptom.  See Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986)(noting that the Ninth Circuit has "never required that the medical evidence identify an impairment that would make the pain inevitable").  Once the plaintiff has satisfied the Cotton test and there is no evidence of malingering, the ALJ may reject the plaintiff's testimony regarding the severity of his or her symptoms only if he or she makes specific findings stating clear and convincing reasons for doing so.  Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)).  The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.  Id.

In order to determine whether the plaintiff's testimony regarding the severity of his or her symptoms is credible, the ALJ may consider the following: (1) ordinary techniques of credibility evaluation, such as the plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the plaintiff that

appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the plaintiff's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see, e.g., Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir. 1989); Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991). The ALJ must also consider other factors including the nature, location, onset, duration, and frequency of the plaintiff's symptoms, precipitating and aggravating factors, functional restrictions caused by the symptoms, type, dosage, effectiveness and side-effects of any medications, treatment other than medication, and other measures used to relieve symptoms. See Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346; 20 C.F.R. 404.1529(c)(3); Social Security Ruling 96-7p.

The plaintiff here testified that he could not work because of low back pain, pain in his heels and arthritis in his hands and shoulders. [AR 424.] The plaintiff also testified that asthma and stomach problems kept him from working. [AR 426, 427.] The plaintiff also stated that he had a rectal problem, was sleepy and lacked energy. [AR 427, 428; see 347 (plaintiff diagnosed with perirectal abscess).]

The ALJ found the plaintiff's allegations of pain, excess pain, symptoms and limitations "not fully credible." [AR 39.] The ALJ found the plaintiff not credible because, inter alia, the plaintiff provided inconsistent statements regarding his history of incarceration, his alcohol use and his drug use. [AR 40.]

The record contains a September 15, 2001 report of a complete psychiatric evaluation of the plaintiff prepared by Barry Edelman, M.D. [AR 219.] The plaintiff told Dr. Edelman that he had been in

7

jail for traffic tickets, had never been prison and was not on probation or parole. [AR 221.] On the other hand, progress notes from the Long Beach Comprehensive Health Center dated September 24, 2001, indicate that the plaintiff stated to a social worker that he was incarcerated for dealing drugs. [AR 281.] During the April 24, 2003 administrative hearing, the plaintiff stated that he was convicted in January of 2001 of possession for sale of crack cocaine. [AR 423.]

The September 15, 2001 report also indicates that the plaintiff told Dr. Edelman that "he drinks an occasional alcoholic beverage but does not report a history of regular and heavy intake of alcohol." [AR 220-221.] However, mental health notes from the Los Angeles County Sheriff's Department indicate that on November 19, 2002, the plaintiff stated to nurses that he drank two to three 40 ounce beers per day. [AR 362, 377.]

The plaintiff was also less than candid regarding his drug use. The plaintiff denied any recent use of illicit drugs when he spoke to Dr. Edelman. [AR 221.] The plaintiff told Dr. Edelman that he "experimented with illicit drugs as late as 10 years ago." [AR 221.] However, September 24, 2001 progress notes from the Long Beach Comprehensive Health Center indicate that the plaintiff admitted to occasional use of illicit drugs. [AR 281.] Also, on November 19, 2002, the plaintiff told a Los Angeles County Sheriff's Department nurse that he used marijuana or hashish on October 19, 2002. [AR 362.]

The plaintiff here was less than candid to, inter alia, medical providers. Testimony by a plaintiff that appears less than candid constitutes a proper reason for finding the plaintiff not credible.

See Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346. Here, the plaintiff deceived the state agency examining psychiatrist, Dr. Edelman. The ALJ properly relied on the plaintiff's lack of candor regarding his history of incarceration, his alcohol use and his drug use to reject the plaintiff's pain and subjective symptom testimony. A witness who is willfully false in one portion of his testimony may be distrusted in other problems of his testimony. The ALJ made that evaluation in this case.

The ALJ here properly evaluated the plaintiff's subjective complaints in assessing his residual functional capacity. The decision of the Commissioner is affirmed.

## **CONCLUSION**

After careful consideration of the pleadings, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner has applied proper legal standards.

## **ORDER**

IT IS ORDERED that Judgment be entered in favor of the Commissioner and against the plaintiff.

Dated: January 25, 2006

```
                          /s/
              JAMES W. McMAHON
              United States Magistrate Judge
```